IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW T. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:12-CV-371-TMH |
| | ) [WO] |
| SHERIFF DAVID WARREN, *et al*., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on April 23, 2012. When he filed this complaint, Plaintiff was an inmate incarcerated at the Macon County Jail located in Tuskegee, Alabama. On April 26, 2012, the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address. *See* Doc. No. 4. The order cautioned Plaintiff that failure to comply with the court's requirement that it be notified of any change in his address would result in a recommendation that this case be dismissed. *Id*.

On June 12, 2012, the envelope containing Plaintiff's copy of an order filed June 6, 2012 was returned to the court marked as undeliverable because Plaintiff was no longer at the service address he provided to the court when he filed this action. Consequently, an order was entered on June 12, 2012 directing Plaintiff to provide the court with his present address on or before June 22, 2012. Doc. No. 13. Plaintiff was cautioned that his failure to comply with the court's June 12 order would result in a recommendation that this case be dismissed.

*Id*. The envelope containing Plaintiff's copy of this order was returned to the court on June 20, 2012, marked as undeliverable.

It is clear that Plaintiff is no longer incarcerated at the Macon County Jail and that he has not provided this court with a current address for service. The undersigned, therefore, concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties may file any objections to the Recommendation on or before **July 10, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of June, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATE MAGISTRATE JUDGE